# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SALVADOR PEREZ, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. CIV-23-322-R |
| | ) |
| MARK BOWEN, Warden, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff, appearing pro se, brought this civil rights action under 42 U.S.C. § 1983 against the warden and various staff members employed at the Lawton Correctional Facility. The matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). Judge Purcell issued a Report and Recommendation [Doc. No. 14] in which he recommends that Plaintiff's action be dismissed and he be granted leave to amend certain claims. Plaintiff filed a timely Objection [Doc. No. 19] and the Court must therefore make a de novo determination of the portions of the Report and Recommendation to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff first objects to the Report's summary of the allegations and statement of the law governing the screening of prisoner complaints. Upon de novo review, the Court finds that the Report accurately summarizes the allegations in Plaintiff's Complaint and sets out the governing law. To the extent Plaintiff asserts new factual allegations in his Objection, those allegations are not part of the pleadings and "are not determinative of

whether Plaintiff adequately stated claims in his Complaint." *Scott v. Hormel*, No. CIV-18-395-SLP, 2019 WL 3935101, at *2 n.2 (W.D. Okla. Aug. 20, 2019).

Plaintiff next objects to the Report's conclusion that Plaintiff's claims based on incidents occurring between March and November 2020 are untimely. Plaintiff does not dispute that these claims are based on incidents that occurred well outside the two-year statute of limitations period. *See McCarty v. Gilchrist,* 646 F.3d 1281, 1289 (10th Cir. 2011). Instead, Plaintiff argues that the limitations period should be tolled because he was under constant harassment that made him unable to conduct his affairs and the claims were raised in a previously filed lawsuit that he voluntarily dismissed to avoid imminent personal injury and harm.

"In a § 1983 action, state law governs issues regarding the statute of limitations and tolling, although federal law governs the determination of when a § 1983 action accrues." *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010). In Oklahoma, the statute of limitations may be tolled

> for (1) a "legal disability," which Oklahoma courts have applied "only for plaintiffs whose competency is impaired or who have not reached the age of majority"; (2) the "discovery rule," which tolls the statute of limitations until the injured party knows of or should have known of the injury; and (3) for exceptional circumstances.

*Johnson v. Garrison*, 805 F. App'x 589, 593 (10th Cir. 2020) (quoting *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004) (internal citations omitted). Additionally, when the dates provided in a pleading "make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the

2

statute." *Glaser v. City & Cnty. of Denver, Colo.*, 557 F. App'x 689, 698 (10th Cir. 2014) (quotation omitted).

Plaintiff has failed to carry that burden. Although he asserts that he has a legal disability, he has alleged no facts suggesting his competency was impaired. Similarly, he has failed to cite to any specific facts (either in his Complaint or his Objection) in support of his argument that he dismissed his prior lawsuit because he feared for his safety.[1] His assertions that he would be subject to imminent harm are conclusory and therefore inadequate to show exceptional circumstances warranting equitable tolling. *See Pemberton v. Patton*, 639 F. App'x 532, 537 (10th Cir. 2016) (rejecting argument that statute of limitations should be tolled where inmate asserted that "prison officials thwarted his efforts or deterred him by threatening retaliation" because the "arguments are conclusory"). The Court therefore agrees with the Report's conclusion that Plaintiff's claims based on incidents occurring between March and November 2020 are untimely and not subject to tolling.

Plaintiff also objects to the portion of the Report stating that he lacks standing to assert claims on behalf of a cellmate. Liberally construing Plaintiff's argument, he appears to be seeking leave to allege new facts related to a use of force that occurred against him, as opposed to his cellmate. Accordingly, the Court adopts this section of the Report but will grant Plaintiff leave to amend this claim.

---

[1] It appears that Plaintiff was not housed at the Lawton Correctional Facility at the time he filed and dismissed his prior lawsuit *See Perez v. Bowen*, CIV-22-678-D (W.D. Okla.).

3

Last, Plaintiff objects to the Report's conclusion that his allegations concerning exposure to a chemical agent and lack of adequate medical care failed to state a claim under the Eighth Amendment. The Objection merely asserts that the defendants violated his Eighth Amendment rights and contains no argument or authority that would cause this Court to reject the Report's analysis and conclusion. Upon de novo review, the Court agrees that the Complaint does not adequately allege personal participation by the individual defendants or deliberate indifference to a serious medical need and has therefore failed to state a plausible Eighth Amendment claim. However, the Court will grant Plaintiff to leave to amend these claims.

As outlined above, the Court ADOPTS the Report and Recommendation [Doc. No. 14]. Plaintiff's claims based on events occurring between March and November 2020 are dismissed with prejudice as untimely. To the extent Plaintiff intended to assert a claim on behalf of another inmate, that claim is dismissed with prejudice for lack of standing. Plaintiff's remaining claims are dismissed without prejudice for failure to state a claim. Plaintiff is granted leave to file an Amended Complaint by August 28, 2023 to properly assert claims based on the 2021 use of force, chemical exposure, and inadequate medical care. If Plaintiff does not file a timely amended complaint, this action will be dismissed.

IT IS SO ORDERED this 17th day of July, 2023.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE